UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL D. PATE and JENNIFER PATE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CMG MORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (“MERS”), and DOES 1–10,**<br><br>**Defendants.** | **Case No. 1:25-cv-00349** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants CMG Mortgage, Inc. (“CMG”) and Mortgage Electronic Registration Systems, Inc. (“MERS”) (collectively “Defendants”) have moved this Court to dismiss the First Amended Complaint of Plaintiffs Michael Pate and Jennifer Pate (collectively “Plaintiffs”) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. This memorandum is submitted in support of Defendants' motion.

## INTRODUCTION

Plaintiffs' First Amended Complaint (the “Complaint”) is a confusing and futile attempt to invalidate a perfectly valid and enforceable deed of trust. In essence, Plaintiffs do not want to pay their monthly amount owed under the deed of trust and assert their own misunderstanding of the law in an attempt to get out of paying it. The Complaint and its causes of action can safely be simplified into four factual allegations: (1) Ginnie Mae is an investor in the deed of trust which has MERS as the beneficiary; (2) neither Defendant recorded an assignment of the deed of trust to Ginnie Mae in the local land records; (3) CMG refused to disclose the identity of any investor in

the deed of trust when Plaintiffs submitted to them a Qualified Written Request ("QWR") asking for such information; and (4) there is no UCC-1 financing statement for the deed of trust. Plaintiffs mistakenly believe that these allegations suggest that the deed of trust is void and that Defendants are not entitled to enforce the deed of trust.

Each of these facts fail to indicate any wrongdoing by Defendants, and they are insufficient to plead any causes of action against Defendants. The first two facts are customary practice in the industry and reflect Plaintiffs' lack of understanding of MERS. Tennessee courts have summarily affirmed that MERS can be a beneficiary and nominee on a deed of trust. The role of MERS is to simplify the assignment process. Deeds of trust list MERS as a beneficiary as nominee for the original lender and its successors and assigns and are recorded in the local register of deeds. Thereafter, any subsequent transfer of the Note is reported to the MERS® System without having to continually record assignments with the local land records. In this instance, MERS being named as the beneficiary as nominee for the original lender and its successors and assigns is approved by Tennessee law and no assignment from MERS to Ginnie Mae was required

Next, Plaintiffs claim that CMG was required to disclose any investors in the loan and that CMG's refusal to do so was improper. However, there is a multitude of federal case law interpreting the Real Estate Settlement Procedures Act ("RESPA") that proves that investor information is not within the scope of RESPA and is not required to be disclosed to borrowers. Finally, Plaintiffs allege that the deed of trust is unenforceable because it was not properly perfected by filing a UCC-1 financing statement. Because this matter is regarding a deed of trust and not personal property, the proper way to perfect the deed is to register it with the local Register of Deeds—which Defendants did.

Not only do Plaintiffs' factual allegations fail to highlight any wrongdoing, but they ironically prove Defendants' compliance with all relevant laws and regulations. Therefore, this Court should dismiss Plaintiffs' entire Complaint for failure to state a claim upon which relief may be granted.

## FACTUAL ALLEGATIONS

On July 16, 2025, Plaintiffs executed a deed of trust with CMG that named MERS as the beneficiary as nominee for CMG and its successors and assigns, ("Deed of Trust") encumbering a certain property located at 1323 Pine Burr Lane, Chattanooga, TN 37419 (the "Property"), which is more fully described within the deed of trust. Compl. ¶¶ 7, 12, 14. Defendants recorded this deed of trust with the local county Register of Deeds on July 18, 2025 as indicated on the first page of the Complaint's Exhibit D. *Id.* ¶ 13. As of the date of this suit, Plaintiffs are up to date on their monthly payments to CMG, equaling a year-to-date total of $11,850.84. Compl. Ex. G1.

On August 11th, 2025, Plaintiffs submitted a Qualified Written Request to CMG asking for the disclosure of any investors in Plaintiffs' loan. Compl. ¶ 25; Compl. Ex. E. CMG responded to this request with a letter refusing to disclose that information because it was "beyond the scope permitted by RESPA." Compl. ¶ 26; Compl. Ex. F. Plaintiffs subsequently filed this Amended Complaint on December 1, 2025. The eight causes of action that Plaintiffs assert against Defendants are as follows: (1) Quiet Title/Declaratory Relief; (2) Conversion of Instrument and Payments; (3) Fraud and Fraudulent Concealment;[1] (4) Unjust Enrichment/Restitution; (5) Violations of the Tennessee Consumer Protection Act; and (6) Supplemental Declaratory and Injunctive Relief. *See generally* Compl.

[1] In support of their fraud claim, Plaintiffs cite twice to *Pope v. Redwing*, 370 S.W.3d 708 (Tenn. 2012). This case does not exist. Although the Amended Complaint is the operative pleading, this is the second time Defendants have found a non-existent case citation in this matter. Plaintiffs may be acting *pro se*, but they are still required to abide by Rule 11 pleading standards.

## **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must allege a factual basis for each element of each claim it asserts, providing sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" rather than showing "a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

Dismissal is proper when a claim fails as a matter of law. "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014). A court should dismiss a claim when it "fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not." *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

When alleging fraud, a plaintiff must further "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff to "specify the 'who, what, when, where, and how' of the alleged fraud." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 614-15 (6th Cir. 2024). More specifically, it requires a plaintiff to: (1) specify the allegedly fraudulent statements, (2) identify their speaker, (3) state where and when the statements were made, (4) explain why the statements were fraudulent, (5) describe the fraudulent scheme, and (6) identify the resulting injury sufficient to "convince the court that the underlying fraud in all likelihood occurred." *Id.* (cleaned up). "The point of Civil Rule 9(b) is to prevent, not facilitate, casual allegations of fraud." *Id.*

<u>**ARGUMENT**</u>

This Court should dismiss all claims against Defendants because Plaintiffs fail to plead a plausible claim for relief. The entirety of Plaintiffs' Complaint is premised upon Plaintiffs' misunderstanding of how this deed of trust process functions. No cause of action remains after the following three facts are shown: (1) the role of MERS as beneficiary under the Deed of Trust and Ginnie Mae as an investor in the underlying loan are proper and customary practices; (2) under RESPA, a lender is not required to disclose the identity of investors in a loan to the borrower; and (3) the deed of trust was properly recorded with the Hamilton County Register of Deeds and a UCC-1 financing statement is not needed.

**I. With MERS as the beneficiary of the deed of trust, as nominee for the original lender and its successors and assigns, every assignment to subsequent investors need not be recorded.**

Plaintiffs take issue with the fact that CMG and MERS "continue to appear of record as lender, beneficiary, or nominee under the Deed of Trust and continue to demand and accept payments from Plaintiffs" despite the fact that Ginnie Mae is an investor in the loan. Compl. ¶¶ 50–51. Plaintiffs also take issue with the fact that any assignment to Ginnie Mae was not recorded in the Hamilton County land records. *Id.* ¶ 53. This is not sufficient to state a claim.

MERS is regularly named as the beneficiary as nominee for the original lender and its successors and assigns on deeds of trust recorded in Tennessee. This role ensures that as interests in a promissory note are transferred between lenders, corresponding assignments do not need to be recorded in the local land records. *See, e.g., Thompson v. Bank of America, N.A.,* 773 F.3d 741, 748 (6th Cir. 2014). In fact, the "federal courts in Tennessee and courts in other jurisdictions have consistently upheld the validity of MERS' role as nominee for a lender's successors and assigns and as beneficiary under a deed of trust." *EverBank v. Henson*, No. W2013–02489–COA–R3–CV, 2015 WL 129081, at *4 (Tenn. Ct. App. Jan. 9, 2015); *see also Dauenhauer v. Bank of New York*

*Mellon,* No. 3:12–CV–01026, 2013 WL 2359602, at *3 (M.D. Tenn. May 28, 2013) *aff'd,* 562 Fed.Appx. 473 (6th Cir.2014) (holding that MERS could assert an interest in the subject property as beneficiary of the deed of trust); *Samples v. Bank of Am., N.A.,* No. 3:12–CV–44, 2012 WL 1309135, at *3–4 (E.D. Tenn. April 16, 2012) (determining that the claims based on MERS' role in mortgage transactions, when MERS is named in the deed of trust as the beneficiary and nominee, failed as a matter of law); *In re Mortg. Elec. Regis. Sys. Litig.,* MDL No. 09–2119–JAT, 2011 WL 4550189, at *3–4 (D.Ariz.Oct.3, 2011) (ruling that deeds of trust may grant MERS authority as the beneficiary of the deed and nominee for the note holder); *Golliday v. Chase Home Fin., LLC,* No. 1:10–cv–532, 2011 WL 4352554, at *7 (W.D.Mich. Aug. 23, 2011) ("Over the twenty years that MERS has existed, borrowers who have defaulted on their loan obligations have attempted, without success, to attack the validity of the mortgage based on the involvement of MERS.").

Here, MERS was named as beneficiary of the Deed of Trust, as nominee for CMG and its successors and assigns. The Deed of Trust was recorded with the Register of Deeds in Hamilton County. It is not necessary to record anything with Hamilton County regarding Ginnie Mae's interest in the underlying loan as an investor, since Ginnie Mae is necessarily a successor or assign to CMG under the Note and the change in interest is reported to the MERS® System.

Further, to the extent that Plaintiffs argue that Ginnie Mae's investment or securitization of the loan creates "a separation of interests that obscures who . . . holds . . . lawful authority to enforce the Deed of Trust," Tennessee and federal courts have dispelled this exact argument. Compl. ¶ 52. In *Dauenhauer v. Bank of New York Mellon*, the Sixth Circuit rejected Borrowers' argument that "any assignment or transfer of the Note [by MERS] was invalid based on the separation of the Note from the Deed of Trust and failure to record the assignments." 562 Fed.Appx. 473, 479 (6th Cir. 2014). The Court reasoned that it is "well-settled under Tennessee

law that the transfer of a note automatically carries with it the lien created by the accompanying deed of trust . . . ." *Id.* (citing *W.C. Early Co. v. Williams*, 186 S.W. 102, 103–04 (1916)). Thus, any securitization alone "does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his loan." *Id.* Because Plaintiffs bring this exact allegation, it should be dismissed.

MERS' role as the beneficiary as nominee for CMG and its successors and assigns under the Deed of Trust is customary and proper. Ginnie Mae's role as an investor in the loan is also customary and proper. Because the Deed of Trust was recorded with the local Register of Deeds with MERS as the beneficiary as nominee for CMG and its successors and assigns, any corresponding assignments of the Deed of Trust to Ginnie Mae did need not need to be recorded. Plaintiffs rely on their mistaken argument, at least in part, for all counts of the Complaint (Counts I-VI). Therefore, this Court should dismiss these claims.

## II. Pursuant to RESPA, CMG was not required to disclose to Plaintiffs the investors in the loan because such information did not pertain to the servicing of the loan.

The Real Estate Settlement Procedures Act ("RESPA") was enacted by Congress to reform the "real estate settlement process" and to provide consumers "with greater and more timely information on the nature and costs of the settlement process and protected from unnecessarily high settlement charges." 12 U.S.C. § 2601(a). RESPA also helps to regulate the servicing of federally related mortgage loans. *Id.* § 2605(e). Under RESPA, borrowers may request from lenders, through a Qualified Written Request ("QWR"), any "information *relating to the servicing of [a] loan*." *Id.* § 2605(e)(1)(A). The plain language of RESPA defines the "servicing" of a loan as receiving payments from a borrower and making payments of principal and interest. *See id.* § 2605(i)(3) ("[S]ervicing means receiving any scheduled periodic payments from a borrower . . .

and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower.").

Because information regarding the servicing of a loan only relates to the acts of receiving or making payments on the loan, seeking additional information, such as all current investors in an outstanding loan, is not within the scope of RESPA. In fact, numerous federal courts have determined that information pertaining to the ownership of a loan does not relate to servicing at all. *See Kelly v. Fairon & Assocs.*, 842 F.Supp.2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder or master servicer do not relate to servicing."); *DeVary v. Countrywide Home Loans, Inc.,* 701 F.Supp.2d 1096, 1108 (D.Minn.2010) (explaining that "ownership of the loan" is unrelated to servicing); *Junod v. Dream House Mortg. Co.,* No. CV 11–7035, 2012 WL 94355, at *3–4 (C.D.Cal. Jan. 5, 2012); *Obot v. Wells Fargo Bank, N.A.,* No. C11–00566, 2011 WL 5243773, at *2 (N.D.Cal. Nov. 2, 2011); *Patton v. Ocwen Loan Servicing, LLC,* No. 6–11–cv445–Orl–19, 2011 WL 1706889, at *3 (M.D.Fla. May 5, 2011); *Petracek v. Am. Home Mortg. Servicing,* No 2:09–cv–001403, 2010 WL 582113, at *3 (E.D.Cal. Feb. 11, 2010).

Here, Plaintiffs submitted a QWR to CMG requesting to know the identity of any investor in their loan. Compl. ¶ 25. Defendants declined to disclose that information. *Id.* ¶ 26. Plaintiffs rely on this factual allegation throughout the Complaint, especially for Count III for Fraud and Fraudulent Concealment and Count V for a violation of the Tennessee Consumer Protection Act. The identity of an investor in Plaintiffs' loan is not related to the servicing of the loan because it does not relate to the receipt or making of payments on the loan's principal or interest. Therefore, Plaintiffs' QWR was outside of the scope of RESPA, rendering CMG's unwillingness to disclose such information as proper. As such, CMG committed no wrongdoing by declining to share with

Plaintiffs the identities of investors in the loan—Defendants were simply complying with RESPA. Additionally, Plaintiffs do not allege that a QWR was ever sent to MERS, and so any cause of action alleged against MERS for this allegation should be dismissed. This Court should therefore dismiss these claims and any other claims that rest on Plaintiffs' misunderstanding of RESPA.

## III. Defendants perfected the deed of trust by filing it with the Hamilton County Register of Deeds as required by Tennessee law.

Plaintiffs asserted that the Deed of Trust should be ruled null and void because Defendants did not file a UCC-1 financing statement to perfect Defendants' security interest on the Property. Plaintiffs rely on this assertion throughout its Complaint, particularly for Counts I and VI. However, Plaintiffs are mistaken. UCC-1 financing statements are used to perfect security interests on *personal property*. Deeds of trust for real property have a different recording process that does not involve UCC-1 financing statements.

In Tennessee, deeds of trusts are among the documents eligible for registration. Tenn. Code Ann. § 66-24-101(a)(8). Registration of a deed of trust is essential because an unrecorded deed of trust "shall be null and void as to existing or subsequent creditors of, or Bonafide purchasers from, the makers without notice." *Id.* § 66-26-103. To properly record a deed of trust in Tennessee, one must file the deed of trust with the local county Register of Deeds. *Id.* § 66-24-101. The Register of Deeds then records that deed of trust so that any future creditors may see that outstanding security interest. *See id.* §§ 8-13-108; 10-7-205.

Defendants abided by Tennessee's recording requirements for deeds of trust. After all parties executed the Deed of Trust, Defendants filed the deed of trust with the Register of Deeds of Hamilton County, Tennessee—the county in which the Property is located. Plaintiffs could have found this by viewing the county's Register of Deeds database. Additionally, Plaintiffs could have seen the county's official stamp on the recorded deed of trust which they attached as Exhibit D to

the Complaint. It is true that Plaintiffs could not find the deed of trust when they conducted a UCC-11 search. However, that does not mean that the deed of trust was not properly recorded. Therefore, the deed of trust is enforceable, and this Court should dismiss Plaintiffs' claims that rest on this mistaken premise.

## IV. CMG is entitled to enforce the promissory note secured by the deed of trust.

Encompassing the entire theme of Plaintiffs' Complaint is that Defendants are not entitled to enforce the promissory note attached to the deed of trust. A promissory note is a negotiable instrument. Tenn. Code Ann. §§ 47-3-103(b) and 47-3-104. A negotiable instrument may be enforced by "the holder of the instrument." *Id.* § 47-3-301; *J&B Invs., LLC v. Surti*, 258 S.W. 3d 127, 137 (Tenn. Ct. App. 2001). A holder is "the person in possession of [the] negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Tenn. Code Ann. § 47-1-201(20).

CMG is identified in the Note as the Lender to whom the Borrower must make payments. CMG is also in possession of the Note. The Note is attached to this Memorandum as Exhibit 1.[2] Therefore, CMG is entitled to enforce the Note. Because each of Plaintiffs' claims rest on this argument, this Court should dismiss the Complaint.

## CONCLUSION

The creation and execution of the Deed of Trust has been unremarkable—the entire process has been in accordance with the countless other deeds of trust recorded in Tennessee land records. Despite the routine nature of this process, Plaintiffs have argued against every step along the way.

---

[2] This Court may consider the attached document without converting this Motion to Dismiss into a Motion for Summary Judgment because the Note is "referred to in [the] Complaint and central to the claim." *Armengau v. Cline*, 7 F.App'x 336, 344 (6th Cir. 2001); *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

None of the alleged facts in Plaintiffs' Complaint are sufficient to support a plausible cause of action because none of them show any wrongdoing by Defendants. Plaintiffs' allegations more so reflect their own lack of understanding of the deed of trust process and the role of MERS under the Deed of Trust. Therefore, because Plaintiffs fail to allege any facts that plausibly support a claim for relief, this Court should dismiss Plaintiff's Complaint.

Dated: December 15, 2025

Respectfully submitted,

*/s/ Junaid A. Odubeko*


Junaid A. Odubeko (No. 23809)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-3854
jodubeko@bradley.com

*Attorney for Defendants CMG Mortgage, Inc. and Mortgage Electronic Registration Systems, Inc.*


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court and served via the court's electronic filing system upon the following on this the 15th day of December 2025.

Michael D. Pate
1323 Pine Burr Lane
Chattanooga, TN 37419
michael_p25@icloud.com

*Pro Se Plaintiff*

Jennifer M. Pate
1323 Pine Burr Lane
Chattanooga, TN 37419
michael_p25@icloud.com

*Pro Se Plaintiff*

*/s/ Junaid A. Odubeko*

Junaid A. Odubeko