UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL D. PATE and JENNIFER PATE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CMG MORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and DOES 1–10,**<br><br>**Defendants.** | **Case No. 1:25-cv-00349** |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants, CMG Mortgage, Inc. ("CMG") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") come now and reply to Plaintiffs Michael Pate's and Jennifer Pate's (collectively "Plaintiffs") Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

## INTRODUCTION

Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Response") fails to adequately rebut any of the arguments Defendants made in their Memorandum in Support of their Motion to Dismiss. Plaintiffs' allegations have no merit. Plaintiffs argue against well-settled law—both in Tennessee and in federal courts. Defendants have complied with relevant laws every step of the way, and yet Plaintiffs have chosen, for some unknown reason, to fight Defendants over the most customary steps of the deed of trust process. Despite Plaintiffs' best efforts (sometimes including case hallucinations or misstatements of Defendants' pleadings), they fail to state a claim upon which relief may be granted. Therefore, this Court should dismiss their

Complaint. Further, Plaintiffs fail to provide a rebuttal to any of Defendants' arguments concerning MERS, and therefore any claims against MERS should be dismissed.

## ARGUMENT

### A. CMG is in possession of the Note, identified as the holder of the Note, and is therefore entitled to enforce the Note.

Plaintiffs' Response continues to assert that there is some sort of cloud surrounding who is entitled to enforce the Note that is secured by the Deed of Trust. Defendants again assert that CMG is entitled to enforce the Note. Tennessee law is clear on this topic. A "person entitled to enforce" a Note is defined as "the holder of the instrument." Tenn. Code Ann. § 47-3-301. Tennessee law defines a "holder" of the Note as someone who is "[i]n possession of [the] instrument that is payable either to bearer or to an identified person that is the person in possession." *Id.* § 47-1-201.

CMG is clearly in possession of the Note—it is attached to Defendants' Motion to Dismiss. The Note clearly identifies CMG as the "person in possession" of the Note. Therefore, in the state of Tennessee, CMG is entitled to enforce the Note.

Plaintiffs' objection to the attachment of the Note to the Motion to Dismiss is futile. The Note is repeatedly referred to throughout Plaintiffs' Complaint and Response in Opposition to Defendants' Motion to Dismiss. Further, the Note is undoubtedly central to the claims that Plaintiffs bring. As such, this Court may consider the attached Note without converting the Motion to Dismiss into a Motion for Summary Judgment. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). Because CMG is entitled to enforce the Note under Tennessee law, Plaintiffs claims that Defendants are not entitled to enforce the Note fail as a matter of law.

**B. CMG's response to Plaintiffs' Qualified Written Request complied with the Real Estate Settlement Procedures Act and therefore cannot support any claim for a RESPA violation or fraudulent misrepresentation.**

Plaintiffs' response claims that they are not asserting any claim that CMG violated RESPA. This simply makes no sense. Plaintiffs are contesting that CMG's actions were improper when it responded to Plaintiffs' Qualified Written Request ("QWR") and refused to disclose investor information in the promissory note. QWR's are a product of RESPA—they are explicitly created under and governed by RESPA. *See* 12 U.S.C. § 2605(e)(1)(B). By claiming that CMG did not appropriately respond to Plaintiffs' QWR, Plaintiffs are necessarily asserting a violation of RESPA.

Regardless, CMG complied with RESPA in its response to Plaintiffs' QWR. The identity of investors in the Note are outside the scope of a QWR response. Under RESPA, borrowers may request from lenders, through a QWR, any "information *relating to the servicing of [a] loan*." *Id.* § 2605(e)(1)(A). RESPA defines "servicing" as meaning "receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." *Id.* § 2605(i)(3). Federal courts have determined that the identity of note holders or investors do not relate to "servicing" under the meaning of RESPA. *See, e.g.*, *Kelly v. Fairon & Assocs.*, 842 F.Supp.2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder or master servicer do not relate to servicing."); *DeVary v. Countrywide Home Loans, Inc.,* 701 F.Supp.2d 1096, 1108 (D.Minn.2010) (explaining that "ownership of the loan" is unrelated to servicing); *Junod v. Dream House Mortg. Co.,* No. CV 11–7035, 2012 WL 94355, at *3–4 (C.D.Cal. Jan. 5, 2012); *Obot v. Wells Fargo Bank, N.A.,* No. C11–00566, 2011 WL 5243773, at *2 (N.D.Cal. Nov. 2, 2011); *Patton v. Ocwen Loan Servicing, LLC,* No. 6–11–cv445–Orl–19, 2011 WL 1706889, at *3 (M.D.Fla. May 5, 2011); *Petracek v. Am. Home Mortg. Servicing,* No 2:09–cv–001403, 2010 WL

582113, at *3 (E.D.Cal. Feb. 11, 2010). CMG was therefore well within its rights under RESPA to refuse to disclose such investor information to Plaintiffs.

Additionally, this allegation is insufficient to support any claim of fraud or fraudulent misrepresentation. In its response to Plaintiffs' QWR on investor information, CMG stated that the "information requested [was] beyond the scope permitted by RESPA in that it . . . [did] not relate to the servicing of the Loan . . . ." Compl., Ex. F. This response is not fraudulent concealment, it is simply complying with the requirements of RESPA. Because federal courts have explicitly agreed with CMG's stance regarding its RESPA responsibilities, it is impossible to allege that CMG acted fraudulently for failing to disclose investor information. Therefore, all such claims that rely on this premise fail as a matter of law and should be dismissed.

**C. Plaintiffs again cite to case hallucinations in contradiction of Rule 11.**

In their response, Plaintiffs take issue with the fact that Defendants once again called them out for citing non-existent cases. In doing so, Plaintiffs resort to citing non-existent quotes from Defendants' Memorandum in support of its Motion to Dismiss. Plaintiffs quote Defendants as stating that "Redwing v. Catholic Bishop for Diocese of Memphis, 363 S.W.3d 436 (Tenn. 2012) . . . does not exist." Plaintiffs' Resp., p. 7. Defendants are not sure where this quote comes from.[1] In the Memorandum, Defendants state: "In support of their fraud claim, Plaintiffs cite twice to *Pope v. Redwing*, 370 S.W.3d 708 (Tenn. 2012). This case does not exist." Def. MISO, p. 3 n.1. Not only does *Pope v. Redwing* not exist, but the citation is for *Severance v. Patterson*—a case from Texas. Defendants stand by this assertion.

---

[1] Plaintiffs have made a habit of misquoting or misstating Defendants' pleadings. In addition to the misstatement mentioned above, Plaintiffs contend that Defendants "suggest[ed] that Plaintiffs must wait for foreclosure before seeking judicial relief . . . ." Plaintiffs' Resp., p. 5. This Court will struggle to find such an assertion. Indeed, the word foreclosure is notably absent from the document entirely.

Defendants wish to not spend much time on this topic, but Plaintiffs have forced the issue. Plaintiffs again cite to a non-existent case in their Response. The very first case Plaintiffs cite is *First Nat. Bank of Louisville v. Brooks Farms, LLC*, 624 S.W.3d 601 (Tenn. Ct. App. 2020). Like the *Pope v. Redwing* citation, this citation is to a Texas case under an entirely different name. However, there is something even more interesting about this citation—namely, that Plaintiffs have already used this citation in this matter and have been notified of its non-existence by Defendants. Prior to filing their Amended Complaint, Plaintiffs cited to *Brooks v. Brooks Farms, LLC*, 624 S.W.3d 601 (Tenn. Ct. App. 2020) in a response pleading—the same non-existent defendant and same non-existent case. Defendants notified Plaintiffs that this case did not exist in the subsequent pleading. Plaintiffs certainly did not take Defendants' notice to heart. Nor did Plaintiffs fear any retribution for citing nearly the exact same case.

This is inexcusable. Plaintiffs certainly have the right to use any resources to support their position throughout litigation. However, when these resources consistently spit out case hallucinations it becomes an issue. It becomes an even bigger issue when Defendants repeatedly point out this problem and Plaintiffs ignore it altogether. Instead of admitting guilt, Plaintiffs refute Defendants' Rule 11 argument and stack another case hallucination on the pile. Defendants therefore ask this Court for any relief it deems necessary to prevent this issue from further evolving.

## **CONCLUSION**

Because Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss fails to bolster any of the legal arguments from Plaintiffs' Complaint, this Court should dismiss the Complaint for failure to state a claim.

Dated: December 23, 2025

Respectfully submitted,

*/s/ Junaid A. Odubeko*
Junaid A. Odubeko (No. 23809)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-4635
jodubeko@bradley.com

*Attorney for Defendants CMG Mortgage, Inc. and Mortgage Electronic Registration Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court and served via the court's electronic filing system upon the following on this the 23rd day of December 2025.

Michael D. Pate
1323 Pine Burr Lane
Chattanooga, TN 37419

*Pro Se Plaintiff*

Jennifer M. Pate
1323 Pine Burr Lane
Chattanooga, TN 37419

*Pro Se Plaintiff*

*/s/ Junaid A. Odubeko*
Junaid A. Odubeko